# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RAKHMATULLA ASATOV,<br>        Petitioner, | DOCKET NUMBER<br>CB-1205-16-0021-U-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT, | DATE: September 27, 2016 |
| and | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>        Agencies. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rakhmatulla Asatov, Plainville, Connecticut, pro se.

Robert J. Girouard, Washington, D.C., for the Office of Personnel
    Management.

Caroline E. Andes, Washington, D.C., for the Department of Homeland
    Security.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1      The petitioner asks the Board to review two Office of Personnel Management (OPM) regulations, specifically, 5 C.F.R. §§ 300.703 and 300.705(e).  MSPB Docket No. CB-1205-16-0021-U-1, Regulation Review File (RRF), Tab 1 at 4-7.  For the reasons discussed below, we DENY the petitioner's request.  This is the final decision of the Merit Systems Protection Board in this proceeding.  Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

**BACKGROUND**

¶2      The petitioner contends that the two challenged regulations are invalid both on their face and as implemented by the Department of Homeland Security (DHS).  Regarding 5 C.F.R. § 300.703, which provides definitions for the terms used in applying the selective service rules in Federal employment, the petitioner alleges that the regulation is invalid on its face because it defines a "covered individual" as a "male" for purposes of OPM's regulations implementing the statute.  RRF, Tab 1 at 4-5.  Per the petitioner, such a limitation must be invalidated because it violates the Equal Protection Clause of the 14th Amendment to the Constitution.  *Id*. at 5.  The petitioner also contends that DHS's compliance with the regulation makes the regulation invalid as implemented by DHS.  *Id*.

¶3      Regarding 5 C.F.R. § 300.705(e), which governs agency actions in the hiring process after receiving statements related to selective service registration, the petitioner alleges the regulation is invalid on its face because it conflicts with an agency's statutory requirements under 5 U.S.C. § 3318(b).  *Id*. at 6.  Further, the petitioner contends that the regulation was invalid as implemented by DHS because the agency utilized it to not provide him with a Standard Form 62 (SF‑62), and because the agency disregarded evidence which would have shown

him to not be a covered individual under the regulation. *Id*. at 7; RRF, Tab 3 at 4‑5.

¶4 OPM and DHS both raise objections to the petitioner's request. Both parties argue that: (1) the petitioner fails to state a claim regarding the invalidity of the regulations; and (2) the petitioner's challenges to one regulation are precluded by either the Board's final decision in a previous request for regulation review or by collateral estoppel. RRF, Tabs 6-7. OPM additionally argues that the Board lacks jurisdiction to review the challenged regulations. RRF, Tab 6. DHS argues, moreover, that: (1) the issues raised by the petitioner can be reached through ordinary channels of appeal; (2) the Board should not consider the petitioner's supplemental filing; and (3) the petitioner's requested relief is vague, unclear, and impermissible. RRF, Tab 7.

¶5 The petitioner did not respond to either OPM's or DHS's objections.

## ANALYSIS

¶6 The Board has original jurisdiction to review rules and regulations promulgated by OPM. 5 U.S.C. § 1204(f). The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, on its face, require any employee to violate 5 U.S.C. § 2302(b). *See* 5 U.S.C. § 1204(f)(2)(A). Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency if the Board determines that the provision, as implemented, has required any employee to violate 5 U.S.C. § 2302(b). *See* 5 U.S.C. § 1204(f)(2)(B).

¶7 The Board's regulations direct the individual requesting review to provide the following information: a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation requires, an employee to commit a prohibited personnel practice; specific identification of the prohibited

personnel practice at issue; and a description of the action the requester desires the Board to take. 5 C.F.R. § 1203.11(b); *see Roesel v. Office of Personnel Management,* 119 M.S.P.R. 15, ¶ 7 (2012); *DiJorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992). This information is required to state a case within the Board's jurisdiction. 5 C.F.R. § 1203.11(b)(1).

## 5 C.F.R. § 300.703

¶8    The first regulation the petitioner has identified is 5 C.F.R. § 300.703, a regulation in 5 C.F.R. part 300, subpart G, "Statutory Bar to Appointment of Persons Who Fail To Register Under Selective Service Law." The petitioner claims that this regulation is invalid on its face because it conflicts with the 14th Amendment to the Constitution.[2] RRF, Tab 1 at 4-5. As a threshold matter, the Board's regulation review authority does not include constitutional challenges; it is limited to whether a challenged regulation would require an employee to violate 5 U.S.C. § 2302(b). 5 U.S.C. § 1204(f)(2). To the extent that the petitioner is claiming that the regulation causes a violation of 5 U.S.C. § 2301(b)(2), which protects the constitutional rights of an employee or applicant and is incorporated by reference in section 2302(b)(12), the claim is denied for lack of jurisdiction.

¶9    The defect in the petitioner's request is that the challenged regulation merely reiterates the provisions of the statute it implements. Section 300.703, "Definitions," defines an individual covered by subpart G as, inter alia, "a male

---

[2] The petitioner raised a similar challenge to the regulation in a previous Request for Regulation Review, in which he alleged that the regulation's limitation to only males constituted illegal discrimination in violation of 5 U.S.C. § 2302(b)(1). *Asatov v. Office of Personnel Management*, MSPB Docket No. CB-1205-15-0013-U-1, Regulation Review File, Tab 15. Because that Request for Regulation Review was dismissed for lack of jurisdiction, we do not apply the doctrine of *res judicata* here. *See Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, 237 (2010). Moreover, because the petitioner's challenge invokes the Constitution instead of 5 U.S.C. § 2302(b)(1), we find that it is not the same issue and do not apply the doctrine of collateral estoppel. *See Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, 172 (2012).

(a) whose application for appointment is under consideration by an executive agency." This section implements 5 U.S.C. § 3328(a), which states:

> (a) An individual –
>
> (1) Who was born after December 31, 1959, and is or was required to register under section 3 of the Military Selective Service Act (50 U.S.C. App. 453); and
>
> (2) Who is not so registered or knowingly and willfully failed to register before his requirement terminated or became inapplicable to the individual, shall be ineligible for appointment to a position in an executive agency of the Federal Government.

Section 3 of the Military Selective Service Act, 50 U.S.C. app. § 453, which is referred to in section 3328(a)(1), provides:

> (a) Except as otherwise provided in this title … it shall be the duty of every male citizen of the United States, and every other male person residing in the United States, who, on the day or days fixed for the first or any subsequent registration, is between the ages of eighteen and twenty-six, to present himself for and submit to registration at such time or times and place or places, and in such manner, as shall be determined by proclamation of the President and by rules and regulations prescribed hereunder.

¶10    The petitioner is mistaken in contending that the agency improperly narrowed the meaning of "individual" in 5 U.S.C. § 3228(a) when, in 5 C.F.R. § 300.703, it defined a "covered individual" as a "male" for purposes of OPM's regulations implementing the statute. An examination of the statutes shows that section 3328 incorporates by reference the limitation of the registration requirement to males that is found in 50 U.S.C. app. § 453. Thus, the petitioner's challenge to 5 C.F.R. § 300.703 is essentially a challenge to the statutory registration requirement, and the Board has no authority to review the validity of a statute. When an OPM regulation tracks the language of a statute, the Board lacks jurisdiction to review a challenge to the facial validity of that regulation. *Kelly v. Office of Personnel Management*, 53 M.S.P.R. 511, 515‑16 (1992).

¶11    Addressing the petitioner's challenge to the regulation as implemented, DHS's determination that the petitioner was ineligible for appointment was

straightforwardly based on the statutory requirement of male registration to which the petitioner objects, and which the Board has no authority to review. In reviewing the application of a statute in this context, the Board only can consider allegations based on interpretive changes between the statute and the regulation or its implementation, which the petitioner has not made. *See id.* at 516. The petitioner's objection to the agency's action relies on the same assertion as his challenge to the statute on its face and must be rejected as a challenge to the statute beyond the Board's jurisdiction.

### 5 C.F.R. § 300.705(e)

¶12  The second regulation the petitioner has identified is 5 C.F.R. § 300.705, another regulation in 5 C.F.R. part 300, subpart G, which, inter alia, exempts agencies from complying with the "objections-to-eligibles" procedures described in 5 C.F.R. § 332.406 for qualified individuals. The petitioner first claims that 5 C.F.R. § 300.705(e) is invalid on its face because it conflicts with 5 U.S.C. § 3318(b). RRF, Tab 1 at 6. However, the petitioner's challenge does not provide sufficient detail to establish a claim within the Board's jurisdiction. While he appears to be claiming that the regulation would cause a violation of veterans' preference rights, he has not identified how the regulation would do so. *Id.* 5 U.S.C. § 1204(f) and 5 C.F.R. part 1203 do not vest the Board with a general authority to review OPM regulations based merely on a bare allegation. *See generally Hernandez v. Office of Personnel Management*, 68 M.S.P.R. 196, 198 (1995). Thus, the petitioner has failed to state a claim under 5 U.S.C. § 1204(f)(2) and his claim is dismissed for lack of jurisdiction.

¶13  As to the petitioner's two claims that 5 C.F.R. § 300.705(e) is invalid as implemented by DHS, both claims also are dismissed for lack of jurisdiction. In his first claim, the petitioner alleges that DHS invalidly implemented the regulation because it did not respond to his request for an SF-62. RRF, Tab 1 at 7. In his second claim, he alleges that DHS's implementation of section 300.705(e) was invalid as implemented because he provided evidence to

DHS that he was not an individual covered by the regulation. RRF, Tab 3 at 1-2. Just as with his claim that the regulation is facially invalid, the petitioner's claims do not provide sufficient detail as to why DHS's implementation of the regulation required an employee to commit a prohibited personnel practice. For the first claim, his only argument is that the agency declined to respond based on the authority granted to it by section 300.705(e). RRF, Tab 1 at 7. For the second claim, he has not identified any prohibited personnel practice that was committed, nor has he included a statement "describing in detail" why OPM's regulations would require the commission of a prohibited personnel practice. RRF, Tab 3 at 1-2. Under these circumstances, neither claim meets the requirements of 5 U.S.C. § 1204(f)(2) and thus are beyond the Board's jurisdiction.

¶14     Accordingly, the petitioner's request for regulation review is DENIED.


FOR THE BOARD:              _____
                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.